# IN THE COURT OF APPEALS OF IOWA

No. 13-1080
Filed March 11, 2015

**JEREMIAH CLARENCE JOHNSON,**
 Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
 Respondent-Appellee.
_____

 Appeal  from the Iowa District Court for Butler County, Christopher C. Foy,

Judge.


 Jeremiah Johnson appeals the denial of his application for postconviction

relief. **AFFIRMED.**



 Andrew C. Abbott of Abbott Law Office, P.C., Waterloo, for appellant.

 Thomas J. Miller, Attorney General, Martha E. Trout, Assistant Attorney

General, and Gregory M. Lievens, County Attorney, for appellee.



 Considered by Mullins, P.J., and Bower and McDonald, JJ.

**BOWER, J.**

Jeremiah Johnson appeals the district court's denial of his application for postconviction relief (PCR) claiming his trial counsel was ineffective, his PCR counsel was ineffective, and the district court improperly denied his motion for a change of venue. We affirm on appeal by memorandum opinion pursuant to Iowa Court Rule 21.26(1)(a), (c), and (d).

On March 19, 2009, Johnson was charged with kidnapping in the first degree, in violation of Iowa Code sections 710.1(3) and 710.2 (2009). After a jury trial ended with a guilty verdict on November 2, 2009, Johnson was sentenced to life in prison without the possibility of parole. Johnson filed a motion for new trial and a motion in arrest of judgment claiming, in part, the court erred in failing to grant a mistrial. Johnson appealed his conviction claiming the district court erred in denying his motion for mistrial. We found the district court did not abuse its discretion and affirmed its ruling. [1]

On March 21, 2011, Johnson filed an application for PCR. He claimed counsel was ineffective as Johnson did not understand the proceedings and he claimed he was not allowed to testify. Johnson later amended the application to challenge the jury selection process. On June 24, 2013, the district court denied Johnson's application. Johnson now appeals from this denial.

We review postconviction-relief proceedings for errors at law. *Ledezma v. State*, 626 N.W.2d 134, 141 (Iowa 2001). To the extent Johnson's claim involves

---

[1] *State v. Johnson*, No. 09-1776, 2010 WL 5050573 (Iowa Ct. App. Dec. 8, 2010).

the constitutional right to effective assistance of counsel, our review is de novo. *Ennenga v. State*, 812 N.W.2d 696, 701 (Iowa 2012).

The postconviction court's detailed and thorough ruling addressed the issues presented and correctly found that counsel was not ineffective. Johnson was unable to show trial counsel, appellate counsel, or PCR counsel breached any professional duty. Further, since Johnson failed to raise the change-of-venue claim in his direct appeal, error has not been preserved on that claim. *See* Iowa Code § 822.8 (2013) ("Any ground finally adjudicated or not raised, or knowingly, voluntarily, and intelligently waived in the proceeding that resulted in the conviction or sentence, or in any other proceeding the applicant has taken to secure relief, may not be the basis for a subsequent application, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental, or amended application."). Pursuant to Iowa Court Rule 21.26(1)(a), (c), and (d) we affirm the postconviction court's denial of Johnson's application.

**AFFIRMED.**